UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PHILIP D. DENNISON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00383-JRS-MKK |
| | ) | |
| SPENCER, INDIANA Civil Town, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Amended Complaint and Opportunity to Show Cause**

Plaintiffs Phillip D. Dennison and Kristen Houmis were former prisoners incarcerated at the Owen County Jail. The Plaintiffs filed this civil action alleging that the Defendants violated various constitutional rights during the arrest and trial proceedings of the Plaintiffs. Shortly after filing the operative complaint, the Plaintiffs filed a motion for leave to file an amended complaint, dkt. 11. Plaintiffs motion for leave to amend, dkt. [11], is **granted.** Because the Plaintiffs were "prisoners," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). The Court screens the amended complaint, dkt. 11-1, as the operative complaint in this action.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

1

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The Plaintiffs' amended complaint brings claims against twenty Defendants: 1) the Town of Spencer, Indiana; 2) Owen County, Indiana; 3) Indiana State Police; 4) Spencer Police Department ("SPD") Chief Richard Foutch; 5) SPD Officer Bryce Brock; 6) SPD Officer Kyle Jackson; 7) Owen County Sheriff Ryan White; 8) Deputy Prosecutor Parker Trulock; 9) Public Defender Hannah England; 10) Sheriff's Deputy Joseph Musgrove; 11) Sheriff's Deputy Jacob Williamson; 12) Jail Officer Robert Terrell; 13) Jail Officer Brianna Pope; 14) John Doe Jail Officers; 15) Jail Commander William Snodgrass; 16) Dispatcher Alissa Heaslet; 17) Master Trooper Daniel Hearon; 18) Judge Dena Martin; 19) Judge Lori Quillen; and 20) Public Defender Andrew Jacob Fish. The Plaintiffs' factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

On September 25, 2024, now-retired Judge Quillen became aware that another individual had alleged that Plaintiff, Mr. Dennison, pointed a gun at Judge Quillen's niece. Dkt. 11-1 at 7-8. She then used her relative, Sheriff's Deputy Musgrove, to call SPD Officers Jackson and Officer Brock, and Deputy Williamson, to search Mr. Dennison's home.[1] *Id.* at 8. Law enforcement conducted a warrantless search and located a bullet casing. *Id.* at 8-9. Officer Brock then contacted Prosecutor Trulock and allegedly forged a judge's signature on the warrant. *Id.* at 9. Law

---

[1] The Court takes judicial notice that the probable cause affidavit in Mr. Dennison's state court proceeding refutes this assertion and alleges that the victim directly reported Mr. Dennison's actions to the police.

enforcement then took possession of Ms. Houmis's legally-owned firearm and arrested Mr. Dennison. *Id*.

On June 26, 2025, Mr. Dennison received a call from Public Defender Fish stating that his final pretrial conference hearing was rescheduled. *Id*. However, Public Defender Fish had actually filed a motion for a continuance. *Id*. at 10. The motion was granted by Judge Martin, whom the Plaintiffs claim lacked jurisdiction to do so. The same day, Ms. Houmis discovered documents that were altered to embezzle Section Eight program funds. *Id*.

### III. Dismissal of Amended Complaint

Applying the screening standard to the facts alleged in the amended complaint, the complaint must be **dismissed**.

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), the Plaintiffs have identified the theories they wish to use—retaliation and constitutional violations against Lori Quillen, and denial of counsel and speedy trial rights by Dena Martin and Andrew Fish. Where a pro se litigant has expressly stated the legal theory or theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes the Plaintiffs' claims only under the theories they have identified.

### A. Claims against Former Judge Quillen, Public Defender Fish, Judge Martin, and Prosecutor Trulock

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch*., 852

F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Accordingly, claims against Judge Quillen must fail. The allegations in the complaint do not point to any action taken under color of state law.

To the extent that the Plaintiffs assert claims under § 1983 against a former public defender, these claims must fail. Mr. Fish was a public defender, and thus his salary was paid by the State. However, the Supreme Court has held he still would not be acting under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 453 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Finally, any allegations against Judge Martin and Prosecutor Trulock must be dismissed because they are immune. Prosecutors and judges are immune from claims based on actions they performed in their capacities under their prosecutorial and judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (judicial immunity); *Imbler v. Pachtman,* 424 U.S. 409, 410 (1976) (prosecutorial immunity).

### B.   Claims Against John Doe Defendants and Those Lacking Factual Allegations

Claims against all John Doe Jail Officer defendants are **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit.

In addition, "individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). There are no allegations of wrongdoing in the amended complaint asserted against the Town of Spencer, Indiana, Owen County, Indiana, Indiana State Police, SPD Chief Foutch, Sheriff White, Public Defender England, Officer Terrell, Officer Pope, Commander Snodgrass, Dispatcher Heaslet, or Master Trooper Hearon. Claims against these defendants are **dismissed for failure to state a claim upon which relief can be granted.**

### C.  Allegations Related to Validity of Conviction

Taking the Plaintiffs' allegations as true, officers improperly searched the Plaintiffs' shared property and eventually arrested both of them for false charges.  It is well-settled "that where success in a prisoner's [42 U.S.C.] § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). In *Heck* and related decisions, the Supreme Court "focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

When Plaintiffs filed this complaint, their prosecutions were still pending. In such a situation, the Supreme Court has explained:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (cleaned up).

The Court again takes judicial notice of the docket in Ms. Houmis's prosecution, which indicates that she was found guilty in October of 2025 and was sentenced to a total of 12 days in jail. She was granted leave to file a belated notice of appeal and that appeal is pending. Mr. Dennison's case is still currently pending in state court.

Pursuant to *Heck* and *Wallace*, Ms. Houmis's claims are subject to dismissal for failure to state a claim upon which relief can be granted. The allegations before the court go directly to the validity of her prosecution. Such allegations must be successfully litigated through the state appellate or post-conviction processes, or federal habeas process, before they could be raised in a civil § 1983 action.

The unlawful search and arrest claims asserted by Mr. Dennison are **stayed** until the state court prosecution is completed.

### IV. Motion for Preliminary Injunction

The Plaintiffs' motions for preliminary injunctions ask the Court to order the defendants to order a "*Franks* Hearing"[2] to examine the validity of warrant affidavits, prohibit the use of unlawful evidence to prosecute them, enter protective orders safeguarding the Plaintiffs' constitutional rights, and prevent Deputy Jackson from selling transferring or encumbering their property. Dkt. 10 at 1-2; dkt. 14 at 3.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 0(7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some

---

[2] *See Franks v. Delaware*, 438 U.S. 154 (1978).

6

likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020) (internal quotations omitted).

At this stage, the Court will not address the three threshold elements because the Plaintiffs' motions are premature. The Court cannot grant preliminary relief because "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x. 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)); *see Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (holding that because "[s]ervice of process was never complete," the district court "lacked personal jurisdiction over the defendants" and was therefore "without jurisdiction to enter [a] preliminary injunction").  As explained above, the Court has not screened through the amended complaint nor served any defendant.  If the Court finds that the Plaintiffs have stated any valid claims against any defendant in the future, the Plaintiffs may renew their motion for a preliminary injunction at that time.

Moreover, it appears that Mr. Dennison is attempting to enjoin his state prosecution. But "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This Court cannot enjoin his state prosecution. Thus, the Plaintiffs' motions for preliminary injunction, dkts. [10], [14], are **denied without prejudice**.

### V. Opportunity to Show Cause

The Plaintiffs' motion for leave to file amended complaint, dkt. [11] is **GRANTED.**

The Plaintiffs' motions for preliminary injunction, dkts. [10], [14], are **denied without prejudice**.

The Plaintiffs' amended complaint must be dismissed and or stayed for each of the reasons set forth above. Plaintiff Houmis shall have **through April 20, 2026,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

Plaintiff Dennison shall have **through April 20, 2026,** in which to show cause why the claims against defendants Quillen, Fish, Martin, and Trulock should not be dismissed for failure to state a claim upon which relief can be granted. He shall also have **through April 20, 2026,** in which to show cause why his unlawful search and false arrest claims against defendants Brock, Jackson, Musgrove, and Williamson should not be **stayed** until the completion of the state court prosecution**.**

Plaintiffs' motion for service of process, dkt. [15], is **denied as moot**.

**The clerk is directed to terminate** defendants Town of Spencer, Indiana, Owen County, Indiana, Indiana State Police, SPD Chief Foutch, Sheriff White, Public Defender England, Officer Terrell, Officer Pope, Commander Snodgrass, Dispatcher Heaslet, Master Trooper Hearon, and Unnamed Jail Officers from the docket.

**IT IS SO ORDERED.**

Date: 3/23/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

8

Distribution:

PHILIP D. DENNISON
2709 Patricksburg Rd.
Spencer, IN 47460

KRISTEN M. HOUMIS
2709 Patricksburg Rd.
Spencer, IN 47460